IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 09-05079 |
| LUZ EDITH MORALES RIVERA | CHAPTER 13 |
|    Debtor | |
| LUZ EDITH MORALES RIVERA | ADV. PROC. 12-00247 |
|    Plaintiff | |
| vs. | |
| CALIDAD AUTO SALES CORP. ET. AL. | |
|    Defendant | |

OPINION AND ORDER

Luz Edith Morales Rivera (hereinafter referred to as the "Debtor" or "Plaintiff") initiated this adversary proceeding based upon an alleged willful violation of the automatic stay pursuant to 11 U.S.C. §362(a) and for actual damages, punitive damages and legal fees under 11 U.S.C. §362(k)(1) stemming from that willful violation. Calidad Auto Sales, Corp. (hereinafter referred to as "Calidad Auto" or "Defendant") filed a *Motion for Summary Judgment and Memoranda of Authorities in Support* on May 20, 2013 alleging failure to establish damages under 11 U.S.C. §362(k)(1). The Plaintiff on August 6, 2013, filed its *Opposition to Calidad Auto's Motion for Summary Judgment* stating that Calidad Auto's arguments are misplaced and premature to determine whether it wilfully violated the automatic stay. Plaintiff argues that Calidad Auto wilfully violated the automatic stay by filing a complaint in state court for collection of monies against Plaintiff personally, when the amended plan provided only for *in rem* relief in favor of Calidad Auto. On August 11, 2013, Calidad Auto filed its *Reply to Plaintiff's Opposition to Motion for Summary Judgment*. For the reasons set forth below,

Calidad Auto's motion for summary judgment is hereby denied and Plaintiff's opposition to the summary judgment is also denied.

Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§157(b)(1) and (b)(2). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

Facts and Procedural Background

The Debtor filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on June 23, 2009 (Lead Case No. 09-05079[1], Docket No. 1). The 341 meeting was held and closed on July 29, 2009 (Lead Case, Docket Nos. 3 & 15). The Debtor listed Calidad Auto in its Schedule D (Creditors Holding Secured Claims) as a secured creditor, with a claim in the amount of $6,500 of which $3,950 was listed as the unsecured portion. The Debtor listed the value of the car in the amount of $2,550. The nature of the lien was described as a car financing, and it included the following description: "[t]he amount of the debt was supplied by creditor. I/We claim no knowledge of their precise accuracy and I/We dispute the amount of the informed amount owed, as on information a belief is greater the amount anticipated. I/We specifically dispute any interest and/or other charges assessed on this account that in excess of that allowed by applicable law" (Lead Case, Docket No. 12). On July 27, 2009, the Debtor filed her first Chapter 13 plan (Lead Case, Docket No. 13). On September 2, 2009, the Chapter 13 Trustee ("Trustee") filed its Report on Confirmation objecting the July 27, 2009 plan because it fails the disposable income test under 11 U.S.C. §1325(b)(1)(B) (Docket No. 17). On September 14, 2009 an amended Chapter 13 plan was filed and the Trustee again opposed found the same because it failed the disposable income test under 11 U.S.C. §1325(b)(1)(B) (Lead Case, Docket Nos. 19 & 22).

On September 15, 2009, Calidad Auto filed proof of claim #9-1, listing its claim as a secured claim in the amount of $6,425. On September 25, 2009, the Debtor filed her second

---

[1]References to the lead case are to the entries and documents filed in the bankruptcy case, case number 09-05079.

amended Chapter 13 plan and the Trustee recommended the plan for confirmation (Lead Case, Docket Nos. 24 & 27). On November 24, 2009, this court ordered the confirmation of the Debtor's Chapter 13 plan dated September 25, 2009 (Lead Case, Docket No. 29).

Subsequently, on May 5, 2011, the Debtor filed a *Motion Amending Plan Post Confirmation pursuant to 11 U.S.C. §1329*, because the Debtor had extraordinary expenses due to medical reasons. The amended plan provided for the automatic stay to be lifted for the vehicle encumbered by Calidad Auto (Lead Case, Docket No. 37). The summary of the post-confirmation amended plan provides in line item 6(b), titled, "Modification of the Automatic Stay" that: "[u]pon confirmation, the stay is also lifted as to the collateral only, to allow lien holder(s) to proceed with *in rem* remedies only. Any allowed claim by a creditor or creditors provided for in this section shall receive no distribution under the plan, as to its secured portion. All payments and deductions regarding the obligation secured by the collateral shall immediately cease and shall be stopped by any entity making them or withdrawing them. Any unsecured portion of the claim as filed, or latter filed amending the same to reflect a deficiency balance after surrender, shall be paid as an unsecured claim pursuant to this plan" (Lead Case, Docket No. 37, pg. 7). On May 11, 2011, the Trustee filed its favorable recommendation regarding Debtor's post-confirmation of modified plan dated May 5, 2011 (Docket No. 41). On June 11, 2011, the court granted Debtor's motion under 11 U.S.C. §1329 and confirmed the amended plan dated 05/05/2011 (Lead Case, Docket No. 43).

On July 21, 2011, the Trustee filed a *Request to Discontinue Disbursements to Calidad Auto Sales Corp. Regarding Proof of Claim 09, Notice and Certificate of Service*, informing that: (i) Calidad Auto filed proof of claim #9-1 in the amount of $6,425 as a secured claim and identifying $1,675.45 as pre-petition arrears; (ii) the Debtor consented to the lift of stay in favor of Calidad Auto; (iii) the creditor may now pursue its claim in another forum than bankruptcy; and (iv) the Trustee has paid Calidad Auto $1,026.74 of the pre-petition arrears claimed in proof of claim #9 (Lead Case, Docket No. 46). The Trustee requested that Calidad Auto Sale's proof of claim #9 be disallowed as to the remaining unpaid amounts of arrears appearing in proof of claim

#9, in view of the provision in the post-confirmation modification plan to lift of stay in favor of Calidad Auto. On July 22, 2011, Calidad Auto filed its *Reply to Trustee's Request to Discontinue Payments and Request to Withdraw Claim*, by which it requests to withdraw claim #9-1 (Lead Case, Docket No. 47). On September 13, 2011, the court granted the Trustee's motion requesting an order to the effect that no payment will be made to Calidad Auto. The Order specifically provided that: "[t]he order is applicable to the payment of secured pre- petition and post-petition arrears; and is without prejudice to the secured creditor filing an amended unsecured claim for any related deficiency or amounts. The Trustee's motion is denied without prejudice to the extent that requests that the claim be disallowed" (Lead Case, Docket No. 48).

On April 12, 2012, the Debtor filed the present adversary proceeding against Calidad Auto for willful violation of the automatic stay under 11 U.S.C. §362(a) alleging: (i) Calidad Auto on February 27, 2012, filed a complaint in state court for collection of monies against Debtor in the Court of First Instance, Carolina, Puerto Rico (Case No. FCD2012-0250); (ii) the Defendant's action in seeking to collect from Plaintiff personally, in violation of the terms and conditions of the amended confirmation plan, and in violation of the automatic stay order entered in Plaintiff's bankruptcy case constitute contempt of bankruptcy court orders; (iii) as a result of the Defendant's violation of Section 362, it is liable to the Plaintiff for actual damages, punitive damages and legal fees under 11 U.S.C. §§362)(k)(1) and 105; (iv) Plaintiff is entitled to compensatory damages in the amount of $25,000 for suffering and mental anguish as a result of the Defendant's intentional, deliberate and unlawful conduct; (v) Plaintiff also requests punitive damages in an amount not less than $15,000; and (vi) the Defendant's "…pattern and practice of ignoring bankruptcy automatic stay orders, negligently or intentionally, as part of its business model, warrants the imposition of punitive damages in an amount not less than $15,000." On May 11, 2012, Calidad Auto filed a *Motion for Extension of Time to Answer or Otherwise Plead*, requesting the court until June 8, 2012 to conclude its investigation and answer the complaint (Docket No. 7). On May 14, 2012, the court granted Calidad Auto's motion requesting an extension of time of 28 days to answer the complaint (Docket No. 8). On June 8, 2012, Calidad

Auto filed an *Informative Motion and Request for Extension of Time to Exhaust Settlement Conversations* requesting the court to hold in abeyance the term to answer the complaint until June 29, 2012 to allow the parties sufficient time to evaluate the offers made and reach a final decision on whether to settle (Docket No. 10).  On June 11, 2012, the court granted Calidad Auto's motion requesting extension of time until June 29, 2012, for possible settlement and if not, to answer the complaint (Docket No. 11).

On June 29, 2012, Calidad Auto filed its Answer to the Complaint (Docket No. 13). On March 15, 2013, the Defendant filed a *Motion for Leave to File Amended Answer to the Complaint* to include affirmative defense items 7, 8 and 9 (Docket No. 22).  On April 4, 2013, the court granted Calidad Auto's motion requesting leave to file the amended complaint (Docket No. 23).  On May 15, 2013, Calidad Auto filed a *Motion for a Three Day Extension* to file a dispositive motion (Docket No. 25).

On May 20, 2013, Calidad Auto filed a *Motion for Summary Judgment and Memoranda of Authorities in Support* arguing that: (i) if the Debtor disagreed as to the claimed amount she should have objected to the claim instead of filing an adversary proceeding for willful violation of the automatic stay; (ii) it does not have a pattern or practice of ignoring its obligations under the Bankruptcy Code; (iii) the Debtor has not suffered actual damages pursuant to Section 362(k)(1), given that: (a) during the deposition taken to the Plaintiff she admitted that she is not claiming economic or physical damages; (b) the supporting documentation shows that the Plaintiff has not suffered emotional damages as a result of the alleged stay violation; (c) Plaintiff admitted that the filing of the complaint in the state court has not affected her compliance with the current Chapter 13 payment plan; (d) Plaintiff has always been in the possession and enjoyment of the vehicle without any interference; (e) Plaintiff admitted that the filing of the complaint in the state court did not result in additional medications or changes in her prescription; (f) the documentation provided shows that her conditions and treatment have nothing to do with the filing of the state court complaint; (g) although Plaintiff has received medical treatment from different practitioners that treatment has  no connection with the state

court complaint because her conditions stemmed from the motor vehicle incident; (iv) Plaintiff failed to mitigate damages because she never called Calidad Auto's attorney to alert him of the situation, thus promoting litigation in bankruptcy court which could have been resolved with a letter or a phone call; (v) punitive damages pursuant to Section 362(k) are not warranted because they usually require more than mere willful violation of the automatic stay to cases where there is "egregious, intentional misconduct;" and (vi) Calidad Auto is not in contempt of the court because its actions were not intentional or egregious (Docket No. 26). On May 20, 2013, Calidad Auto filed a *Motion for Extension of Time to File Certified Translations* until July 8, 2013 (Docket No. 29). On May 21, 2013, the court granted Calidad Auto's motion requesting an extension of time to file certified translations until July 8, 2013 (Docket No. 30).

On June 4, 2013, Plaintiff filed a *Motion for Extension of Time* of thirty (30) days to file her opposition to Defendant's motion for summary judgment (Docket No. 34). On June 5, 2013, the court granted Plaintiff's motion for an extension of time of 30 days to file her opposition (Docket No. 35). On July 5, 2013, the Defendant filed its *Submission of Certified Translations* of certain exhibits attached to the motion for summary judgment (Docket No. 40). On July 18, 2013, the court ordered the Plaintiff as follows:

> "[t]he defendant filed a motion for summary judgment on May 20, 2013 requesting that the complaint filed by plaintiff be dismissed as there has not been a violation of the automatic stay (Docket #26). As of this date the plaintiff has not opposed the motion. The motion includes legal support and uncontested facts which establish *prima facie* that the same should be granted. In view of the foregoing, the court hereby orders plaintiff to show cause within fourteen (14) days why the motion for summary judgment should not be granted and that judgment be entered dismissing the complaint" (Docket No. 42).

On August 6, 2013, Plaintiff filed her *Opposition to Calidad Auto's Motion for Summary Judgment* stating the following: (i) Calidad Auto's arguments regarding the Debtor's claims for damages are misplaced, premature and irrelevant to determine whether defendant wilfully violated the automatic stay; (ii) on February 27, 2012, Calidad Auto filed a complaint for collection of monies against Plaintiff in the Court of First Instance, Carolina Part, Case No.

FCD2012-0250, requesting judgment of $9,042.50, plus $2,712.75 in costs and attorney's fees all against Plaintiff personally, when the amended plan provided only for *in rem* relief in favor of Calidad Auto, thus wilfully violating the provisions of Section 362; and (iii) "…a 'wilful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the automatic stay were intentional" <u>Fleet Mortg. Group, Inc. v. Kaneb</u>, 196 F.3d 265 (1st Cir. 1999) (Docket No. 44). On August 11, 2013, the Defendant filed its *Reply to Plaintiff's Opposition to Motion for Summary Judgment* by which it reaffirms its position that Plaintiff has failed to identify injuries suffered that might state a claim for actual damages pursuant to Section 362(k) since she does not claim economic nor physical damages suffered (stemming) as a result of the violation of the automatic stay. (Docket No. 45).

Material Uncontested Facts

1. The Debtor filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on June 23, 2009.

2. Debtor listed Calidad Auto in Schedule D (Creditors Holding Secured Claims) as a secured creditor with a scheduled claim in the amount of $6,500 of which $3,950 was listed as the unsecured portion. The Debtor listed the value of the car in the amount of $2,550.

3. Calidad Auto filed a notice of appearance and request for notice on July 17, 2009.

4. On September 15, 2009, Calidad Auto filed proof of claim #9-1 listing the amount of $6,425 as a secured debt. It listed the value of the collateral as $9,000 and $1,6475.45 was included as the amount pertaining to arrearages and other charges.

5. Debtor did not object to Calidad Auto's proof of claim #9-1.

6. On November 24, 2009 the court entered an Order confirming the Debtor's Chapter 13 amended plan dated 09/25/2009.

7. On May 5, 2011, the Debtor filed an amended request for post-confirmation modification of plan which provided for the lift of the automatic stay for the vehicle encumbered by Calidad Auto. On June 11, 2011 the court granted Debtor's motion for post-confirmation modification of plan.

8. On July 21, 2011, the Trustee filed a motion requesting an entry of Order to discontinue disbursements to Calidad Auto and to disallow proof of claim #9-1 as to the remaining unpaid amounts.

9. Calidad Auto filed its reply to the Trustee's request to discontinue payments and request to withdraw claim by stating that the amended and confirmed plan dated 05/05/2011 provides to lift the automatic stay in favor of the appearing creditor and to pursue *in rem* remedies on the collateral. Calidad Auto requested that an Order be rendered allowing the withdrawal of proof of claim #9-1.

10. On September 13, 2011, the court granted the Trustee's motion requesting an Order to the effect that no payment will be made to Calidad Auto. The Order is applicable to the payment of secured pre-petition and post-petition arrears; and is without prejudice to the secured creditor filing an amended unsecured claim for any related deficiency or amounts. The court denied the Trustee's motion without prejudice to his request that the claim be disallowed.

11. On February 27, 2012, Calidad Auto filed a complaint for collection of monies against Plaintiff in the Court of First Instance, Carolina Part, Case No. FCD2012-0250.

12. On April 12, 2013, Calidad Auto filed a motion in state court requesting that the state court proceedings be stayed because the Debtor filed the instant adversary proceeding in the Bankruptcy Court (Docket No. 26-2, pg. 107).

13. The Carolina Court granted Calidad Auto's motion and issued the Judgment staying the proceedings and terminating the case. The Judgment was rendered on April 30, 2012 and the same was notified to the parties on May 7, 2012 (Docket No. 26-2, pg. 109).

Applicable Law and Analysis

*Standard for Motion for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986). "The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d, Vol 10A, § 2712 (2013). "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id. at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id. at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that

there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. Also see Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). Also see Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

For the reasons explained below, this court denies both Calidad Auto's motion for summary judgment and the Debtor's opposition to Calidad Auto's Motion for Summary Judgment.

*Violation of the Automatic Stay & Statutory Remedies*

The automatic stay in 11 U.S.C. §362(a) is one of the basic protections under the Bankruptcy Code and becomes operative by the filing of the bankruptcy petition. Soares v. Brockton Credit Union (In re Soares), 107 F. 3d 969, 971 (1st Cir. 1997). The automatic stay is extremely broad in scope and "applies to almost any type of formal or informal action taken against the debtor or the property of the estate." Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.03 (16th ed. 2013). Furthermore, the automatic stay also protects creditors since it prevents the "dismemberment of a debtor's assets by individual creditors levying on the properly." Id. The automatic stay provides debtors with one of the cornerstone protections under bankruptcy law, giving debtors a "breathing room" from the pressures of their creditors. See In

re Soares, 107 F. 3d at 975. Given its utmost importance in the bankruptcy system, courts "must display a certain rigor in reacting to violations of the automatic stay." In re Soares, 107 F. 3d. at 975-976.

In the instant case, the request for post-confirmation modification of the chapter 13 plan provided that upon confirmation, the automatic stay would be lifted as to the vehicle (collateral), encumbered by Calidad Auto to proceed with *in rem* remedies only. The request for post- confirmation modification of the plan further specified that any unsecured portion of the claim would be paid as an unsecured claim pursuant to the plan.  This court, in its September 13, 2011 Order regarding the *Trustee's Request to Discontinue Disbursements to Calidad Auto Sales Corp. Regarding  Proof of Claim 09* in the lead case specified that: "[t]he Order is applicable to the payment of secured pre-petition and post-petition arrears; and is without prejudice to the secured creditor filing an amended unsecured claim for any related deficiency or amounts" (Lead Case, Docket No. 48).  Thus, Calidad Auto had actual knowledge that the only remedy it was allowed to seek in state court was an *in rem* foreclosure on the vehicle (collateral), not an *in personam* collection of monies action against the Debtor.

The First Circuit in Laboy v. Doral Mortg. Corp. (In re Laboy), 647 F. 3d 367, 374 (1st Cir. 2011) stated the following regarding whether a violation is deemed "willful:" "[a] violation is 'willful' if a 'creditor's conduct was intentional (as distinguished from inadvertent), and committed with knowledge of the pendency of the bankruptcy case.'" In re Laboy, 647 F. 3d. at 374 citing In re McMullen, 386 F. 3d 320, 330 (1st Cir. 2004). This court in the case of In re Soto Rios, 2009 Bankr. Lexis 2992 (Bankr. D.P.R. 2009) discussed the standard for a willful violation of the automatic under Section 362(k) and stated the following:

"Section 362(k)(1) allows an individual to recover actual damages, costs and attorneys' fees, and in appropriate circumstances punitive damages when he or she is injured by a willful violation of the automatic stay. See 11 U.S.C. §362(k)(1). "A willful violation does not require a specific intent to violate the automatic stay. The standard for a willful violation of the automatic stay under §362(h) is met if there is knowledge of the stay and if the Defendant intended the actions which constituted the violation." [2] Fleet Mortg. Group. Inc. v. Kaneb, 196 F. 3d 265, 269 (1st Cir. 1994). "The words 'shall recover'

---

[2] Section 362(k)(1) was previously codified as subsection 362(h) of the Bankruptcy Code.

indicate that Congress intended that the award of actual damages, costs and attorneys' fees be mandatory upon a finding of a willful violation of the stay." <u>Heghmann v. Indorf</u> (<u>In re Heghmann</u>), 316 B.R. 395, 405 footnote 9 (B.A.P. 1st Cir. 2004)(quoting <u>Ramirez v. Fuselier</u> (In re Ramirez), 183 B.R. 583, 589 (B.A.P. 9th Cir. 1995)); <u>See</u> <u>In re Atamian</u>, 344 B.R. 200, 205 (Bankr. D. Mass. 2006); <u>Parker v. Boston Univ</u>. (In re Parker), 334 B.R. 529, 536-537 (Bankr. D. Mass. 2005). Moreover, a good faith belief in a right to certain property is irrelevant in determining the willfulness in an automatic stay violation. <u>Fleet Mortg. Group Inc. v. Kaneb</u>, 196 F. 3d at 268-269. The burden is on the debtor to prove by a preponderance of the evidence that he suffered damages as a consequence of the violation of the automatic stay. <u>See</u> In re Heghmann, 316 B.R. at 404-405. Under Section 362(k)(1) of the Bankruptcy Code actual damages should only be awarded if there is concrete evidence which supports with reasonable certainty the amount of the award. <u>Id.</u> At 405." <u>In re Soto Rios</u>, 2009 Bankr. Lexis 2992, *13-14.

The damages provision in 11 U.S.C. §362(k) is irrelevant unless the court first finds that there has been a willful violation of the automatic stay. <u>Vazquez Laboy v. Doral Mortg. Corp.</u> (<u>In re Vazquez Laboy</u>), 647 F. 3d 367, 373-374 (1st Cir. 2011). Based on the above, the court finds that Defendant's motion for summary judgment questioning the extent of damages suffered, if any, is premature as there is no finding of liability.

In addition, there is a disputed material fact which is critical to determine whether or not Calidad Auto willfully violated the automatic stay. Paragraph 17 of the complaint states: "[t]he referenced complaint seeks judgment against plaintiff personally in the amount of $9,042.50, plus $2,712.75 in costs and attorney's fees. All of the above, violates the terms and conditions of the referenced amended confirmation plan approved by this Court" (Docket No. 1, pg. 4). Calidad Auto in its amended reply to the complaint responded to this particular allegation in the following manner: "[t]he paragraph 17 of the complaint is admitted to the extent that the allegations made in the complaint before the Court in Carolina gave the impression that the moving party was attempting to recover from plaintiff personally" (Docket No. 22, pg. 4). Neither party has submitted evidence to this court of the state court complaint to show that it was indeed a collection of monies action against the Plaintiff personally and not an *in rem* action to foreclose the vehicle. The Judgment rendered by the state court indicated that the case was a collection of monies action. However, the court is unaware of whether the pleadings and prayers for relief in the motions filed with the state court seek an *in rem* foreclosure judgment,

*an in personam* collection of monies remedy or both. This court in <u>Velez Arcay v. Banco Santander de Puerto Rico</u> (<u>In re Velez Arcay</u>), 499 B.R. 225, 234-235 (Bankr. D.P.R. 2013), a proceeding claiming damages resulting from a violation of the automatic stay, stressed that the substance of the motion is determined from the body of the motion and the prayer of relief requested not from the caption of a case or the title of a motion. The court stated as follows:

> "Nevertheless, the caption of a motion is not part of the pleading. <u>See</u> <u>Jackson v. Ashton,</u> 33 U.S. 148, 149, 8 L. Ed. 898 (1834) ("the title or caption of the bill is no part of the bill"); <u>Nordic Sugar Corp. v. Maine Guarantee Authority</u>, 447 A. 2d. 1239, 1241 (Supreme Judicial Court of Maine 1982) ("the court will look to substance of motion"); <u>Lund ex rel. Wilbur v. Pratt</u>, 308 A. 2d 554, 557 (Supreme Judicial Court of Maine 1973) ("the caption is not part of the pleadings"); <u>Gulf Ins. Co. v. Hennings</u>, 283 S.W.3d 381, 387 (Tex. App. Waco 2008) ("substance of [a] motion is not determined solely from its caption or introduction, but instead is gleaned from [the] body of [a] motion and prayer for relief"). It then follows that "[t]he substance of the motion, not the nomenclature used or labels placed on motions, is controlling." <u>In re Jeans.com</u>, 491 B.R. 16, 26 (Bankr. D.P.R. 2013), quoting from quoting from <u>In re Lozada Rivera</u>, 470 B.R. 109, 112-113 (Bankr. D.P.R. 2012). <u>See</u> <u>also</u>; <u>Tenucp Prop. LLC v. Riley</u> (<u>In re GCP CT Sch. Acquisition, LLC</u>), 429 B.R. 817, 826 (B.A.P. 1st Cir. 2010) ("[t]he substance of the motion, not the form, governs"); <u>United States v. Hart</u>, 933 F. 2d 80, 84 (1st Cir. 1991) ("title given to a motion or an appellant's version of any legal action does not control its meaning"); <u>Hasbrouck v. Texaco</u>, 879 F. 2d 632, 635 (9th Cir. 1989) ("[t]he nomenclature the movant uses [to title or caption a motion] is not controlling"); <u>Credit Suisse First Boston Corp. v. Grunwald</u>, 400 F. 3d 1119, 1124 (9th Cir. 2005) (courts "must look beyond the motion's caption to its substance"). The same principle applies in Puerto Rico. <u>See</u> <u>Figueroa Ferrer v. Commonwealth of PR</u>, 7 P.R. Offic. Trans. 278, 281, 107 D.P.R. 250, 258 (1978) ("[t]he caption of a case does not determine its nature"). Thus, this court must discard the captions of Banco Santander's motions and examine instead their substance, pleadings and prayers for relief." <u>In re Velez Arcay</u>, 499 B.R. at 234-235.

The court finds that this fact by itself is crucial; namely whether Calidad Auto filed an *in personam* action against Debtor, since it is determinative of whether Calidad Auto willfully violated the automatic stay. Therefore, Plaintiff's request to find that the Defendant violated the automatic stay must be denied.

Conclusion

For the foregoing reasons, Calidad Auto's motion for summary judgment and the Debtor's opposition to Calidad Auto's Motion for Summary Judgment are denied as neither of

-14-

the parties have provided sufficient evidence regarding the disputed fact of whether the complaint filed in state court sought *in personam* relief against the Debtor, and a decision on the extent of damages is premature.

SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of December, 2013.

Enrique S. Lamoutte
United States Bankruptcy Judge